CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 2 5 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAMES MADISON MCCAULEY,** ) | |
| ) | Civil Action No. 7:07cv00244 |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| **GENE JOHNSON, et al.,** ) | By: Hon. James C. Turk |
| ) | Senior United States District Judge |
| **Defendants.** ) | |

Plaintiff James Madison McCauley ("McCauley"), a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that defendants have failed to provide him with adequate dental care during his incarceration at Keen Mountain Correctional Center ("KMCC"). McCauley seeks $200,000.00 in monetary compensation and injunctive relief in the form of a lower denture plate for himself and better dental care for the inmates at KMCC.[1] Defendant Mary Gilbert, Health Authority at KMCC, filed a supplemental motion for summary judgment to which McCauley filed a timely response, making the matter ripe for disposition.[2] For the reasons that follow, defendant Gilbert's motion for summary judgment will be granted.

## I.

Summary judgment is proper where there is no genuine issue as to any material fact, and the

---

[1] To the extent that McCauley is attempting to bring suit on the behalf of other inmates, the court finds that he has no standing to bring such a claim. See Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). To the extent that McCauley seeks to certify the inmates at KMCC as a class, the court cannot certify a class in an action where a pro se litigant seeks to represent the interests of the class. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975).

[2] By Order entered September 17, 2007, the court granted defendants Johnson, Schilling, and Bassett's motion for summary judgment. McCauley filed a motion to alter or amend this judgment pursuant to Federal Rule of Civil Procedure 59(e) on October 9, 2007. As this motion was filed more than ten days after the entry of judgment and the court finds no error with the judgment, McCauley's motion will be denied. The court also granted in part and denied in part defendant Nurse Mary Gilbert's motion for summary judgment in the September 17, 2007 Order. The court determined that McCauley's claim concerning the delay in his lower teeth extractions did not state a constitutional claim, but directed Gilbert to file a supplemental motion for summary judgment supported by affidavit evidence concerning McCauley's lower denture claim.

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. Fed. R. Civ. P. 56(e). Instead, the non-moving party must respond by affidavits or otherwise and present specific facts from which a jury could reasonably find for either side. Anderson, 477 U.S. at 256-57.

## II.

McCauley alleges the following sequence of events from which his claims arise.[3] On March 22, 2007, McCauley filed an Emergency Dental Complaint alleging that his lower teeth needed to be extracted and that he needed a lower denture plate. McCauley was examined at the KMCC Medical Department on March 27, 2007. The dental hygienist informed McCauley that his lower teeth were loose and needed to be extracted. The teeth were extracted on April 6, 2007. McCauley

---

[3] In its Memorandum Opinion entered September 17, 2007, the court summarized the long factual history of this case and finds no need to repeat that summary here. Accordingly, only the factual allegations relevant to issue of McCauley's lower denture plate will be addressed in this Opinion.

2

contends that, since the extraction, his many requests for a lower denture plate have been denied. McCauley alleges that, in response to his complaints, the Medical Department merely informs McCauley that he has been placed on a waiting list. McCauley claims that he "has lost considerable weight" because he cannot chew his food properly. (Compl. at 1.)

Nurse Gilbert submits in her affidavit that the local dentist, to which inmates with emergent dental needs are referred, completed an impression for McCauley's lower denture plate on July 20, 2007. She states that McCauley is now waiting to return to the local dentist to have his "wax bite rims fitted" and that the rims will subsequently be sent to a lab for creation of the lower denture plate. Gilbert further explains that there is a "therapeutic waiting period that must run between the time of the removal of the teeth and the placement of the final dentures to permit healing of the gums."

### III.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Section 1983 "is not itself a source of substantive rights," but instead is "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 (1979).

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Thus, both an objective and a subjective component are needed. A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or

3

permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer v. Brennan, 511 U.S. 825, 832-35 (1994); Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06.

It is clear that dental care has been recognized as "one of the most important medical needs of inmates." Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir. 1980); see also Large v. Washington Co. Detention Ctr., 915 F.2d 1564 (Table) (4th Cir. 1990) (finding that there is ample authority recognizing that the failure to provide comparable basic corrective/medical devices such as hearing aids, eyeglasses, or dentures may amount to deliberate indifference to a serious medical need). The Second Circuit has noted, however, that "a correctional facility is not a health spa, but a prison in which convicted felons are incarcerated. Common experience indicates that the great majority of . . . prisoners would not in freedom or on parole enjoy the excellence in dental care which the plaintiffs understandably seek on their behalf." Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986). This court is governed by the principle that the objective is to "provide the minimum level of [dental] care required by the Constitution." Ruiz v. Estelle, 679 F.2d 1115, 1150 (5th Cir.), vacated in part

4

as moot, 688 F.2d 266 (5th Cir. 1982), cert. denied, 460 U.S. 1042 (1983). "[T]he essential test is one of medical necessity and not one simply of desirability." Woodall v. Foti, 648 F.2d 268, 272 (5th Cir. 1981) (citations omitted).

Applying these principles, and taking McCauley's allegations in the light most favorable to him, the court concludes that they are insufficient to state possible claims under § 1983. Even assuming without deciding that McCauley has a serious medical need[4] for dentures, nothing in McCauley's complaint or response supports the contention that Nurse Gilbert acted with deliberate indifference with regard to McCauley's dental treatment, and it is clear that he has received the minimum level of care required by the Constitution. McCauley was examined at the KMCC Medical Department five days after his emergency request, and his lower teeth were extracted a few weeks later. An impression for McCauley's lower denture plate was completed on July 20, 2007, and he is currently on a waiting list to have his final wax rims fitted. McCauley will be provided with his denture plate after the appropriate therapeutic time-period has elapsed. Although McCauley may believe that the institutional staff or dental staff are currently failing to treat his dental needs by not providing treatment to him on a schedule that gratifies his demands, such actions do not rise to the level of a federal constitutional violation. A six-month delay between McCauley's lower-teeth extraction and the creation of his lower denture plate does not state a constitutional claim. See

---

[4] It is apparent to the court, however, that McCauley does not adequately allege that he suffers from a serious medical need. McCauley does not claim that he currently suffers from any physical or painful symptoms such as bleeding gums or headaches from the lack of lower dentures. McCauley does allege that he has lost an unspecified amount of weight; however, his complaint about his weight-loss lacks merit as his medical records indicate that, when he arrived at KMCC on June 12, 2000, he weighed 158 pounds. According to Nurse Gilbert, McCauley weighed 150 pounds at his last physical on January 12, 2006. Since that time, he has refused two scheduled physicals. Further Nurse Gilbert's affidavit indicates that McCauley has not requested a special diet. McCauley does not contend that he requested a special diet or that he requested a pass for more time to eat his meals. Accordingly, the court finds that McCauley has not proven a serious medical need.

Hanks v. Ragan, No. 5:05CV138, slip op. (M.D. Ga. Apr. 03, 2007 (denying summary judgment for defendants where plaintiff alleged a two-year delay in providing plaintiff with dentures); Gasaway v. District of Columbia, No. 94CV2689, 1996 WL 225699, at *3-4 (D.D.C. April 29, 1996) (allegations that a nine-month delay between the time that prison dentists extracted several of plaintiff's teeth–leaving him with only six lower teeth in his entire mouth and where plaintiff alleged inadequate food intake, an improper diet, and pain–and the time that replacement dentures were inserted by a prison dentist exhibited deliberate indifference to his serious medical needs sufficient to proceed to trial); see also Buster v. Barnett, No. 7:06CV13, slip op. at *2 (N.D. Tex. July 31, 2007) (finding no deliberate indifference where plaintiff simply disagreed with the dentist's decision not to provide him with dentures). Moreover, the evidence indicates that McCauley will be receiving his lower denture plate within a short time-period.[5, 6]

## IV.

For the stated reasons, the court will grant Gilbert's motion for summary judgment.[7] Plaintiff

---

[5] Although there may be some delay in McCauley's treatment regarding his lower dentures, the summary judgment evidence shows that McCauley was seen regularly after he filed an emergency request form, that treatment was provided, and that any delays are the result of, at most, negligence rather than any deliberate indifference on the part of Nurse Gilbert.

[6] To the extent that McCauley's complaint could be construed to assert that it is unconstitutional for KMCC not to have a sufficient number of dentists employed at all times to provide complete dental care the very instant any dental issue arises, his claim fails. McCauley's claim that the dental department at KMCC is insufficiently manned would arise, if at all, under state medical malpractice laws, and does not present any colorable 42 U.S.C. § 1983 claim. Estelle, 429 U.S. at 105-106. To the extent McCauley believes he has an actionable claim under state medical malpractice laws, the court declines to exercise supplemental jurisdiction over such claim, pursuant to 28 U.S.C. § 1367(c)(3).

[7] McCauley files in his response a request to engage in discovery. As McCauley has not alleged what information he could recover that would be sufficient to create a triable issue of fact, the court will deny his motion for discovery. See Lewis v. Casey, 518 U.S. 343, 355 (1996) (finding that the right to access the courts does not guarantee prisoners the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims); Temkin v. Frederick County Comm'rs, 945 F.2d 716, 725 (4th Cir. 1991) (summary judgment found to be proper where any further evidence developed through discovery would have been immaterial). McCauley also files in his response what the court will construe as his second motion for counsel. McCauley's first motion for the appointment of counsel was denied by order entered May 17, 2007. As the court finds

is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within thirty days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5). An appropriate Order will issue this day.

ENTER: This 25th day of October, 2007.

/s/ James C. Turk
Senior United States District Judge

---

that McCauley fails to illustrate exceptional circumstances as required by <u>Cook v. Bounds</u>, 518 F.2d 779 (4th Cir. 1975), his motion for counsel will again be denied.

7